**IBAR LIMITED and Vincent Francis Barrett, Petitioners–Appellants,**

v.

**AMERICAN BUREAU OF SHIPPING, Respondent–Appellee.**

No. 03–7571.

United States Court of Appeals, Second Circuit.

March 5, 2004.

William N. France, Healy & Baillie LLP, New York, NY, for Appellants.

Michael D. Wilson, Hill, Rivkins & Hayden LLP, New York, NY, for Appellees.

PRESENT: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioners–Appellants IBAR Limited and Vincent Francis Barrett (collectively "IBAR"), the owners of the motor yacht STANY, appeal from the judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge* ), confirming an arbitration award in favor of Respondent–Appellee American Bureau of Shipping ("ABS"), the classification society that issued an interim classification certificate for the STANY.

IBAR asserts various breach of contract, breach of warranty, professional negligence, and misrepresentation claims against ABS – all relating to the total loss of the STANY by fire on August 19, 1990. The arbitration panel declined to hold ABS liable on any of these claims, and the District Court denied IBAR's subsequent motion to vacate the arbitration award. On appeal, IBAR argues that vacatur is required because (1) the arbitration panel manifestly disregarded the law in finding for ABS, (2) the panel exceeded its authority in rendering the award, and (3) the panel's finding of no liability ignores the essence of the parties' agreement.

As for IBAR's first argument, we note that IBAR largely ignores the extremely limited nature of our review under the manifest disregard standard. *See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir.2003). "A party seeking vacatur [under the manifest disregard standard] bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." *Id.* IBAR primarily argues that the panel applied an inappropriately strict standard of causation in evaluating its claims, erroneously rejecting circumstantial evidence that the alleged defects in STANY's fire control systems were a substantial factor in the yacht's loss.

Specifically, IBAR alleges that ABS negligently failed to require the installation of a fire detection system in the engine room of the STANY, or notify IBAR of its absence, and failed to alert IBAR that the location of the remote fuel turn-off valves would prevent the effective operation of the fixed $CO_2$ fire extinguishing system. The arbitration panel concluded neither alleged defect was causally linked to the loss of the STANY because IBAR had not established "that the presence of an alarm in the engine room would have enabled the fire to be extinguished," or that the alleged defect in the placement of the turn-off valves was responsible for the continued running of the engines after the release of the $CO_2$ effectively destroying any chance that the fire would be successfully extinguished. Moreover, the panel found that the placement of the turn-off valves "could not have caused the loss," because the fire had already spread beyond the engine room when the $CO_2$ system was activated. IBAR has not identified any legal errors in the panel's causation analysis,* let alone errors that would amount to manifest disregard of the law.

---

* Although the arbitration panel reasoned that "there needs to be direct evidence connecting

■ Nor does IBAR succeed in demonstrating that the arbitration panel exceeded its authority in rendering its decision. In evaluating whether the panel exceed its authority, the only question is whether the panel had the contractual authority "to reach a certain issue, not whether the [panel] correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d Cir.2002) (quoting *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 824 (2d Cir.1997)). In arguing that the panel exceeded its authority, IBAR in effect seeks to challenge the panel's factual determinations with regard to causation, yet it is well-established that an arbitrator's findings of fact are not subject to further judicial challenge where no legal error has been identified. *See id.* at 213–14.

Finally, we reject IBAR's argument that the arbitration award ignores the essence of the parties' agreement. This Court has recently expressed doubts as to whether the "essence of the agreement" doctrine extends beyond arbitration awards issued under collective bargaining agreements. *See id.* at 221–22. But even assuming that the doctrine applies, IBAR has not demonstrated that the panel's decision "so far departs from the terms of the agreement that it is not even arguably derived from the [parties'] contract." *Id.* at 222. IBAR has pointed to no contractual language whereby ABS took on the role of an insurer by guaranteeing the safety of the STA-NY from loss by fire.

[the claimed negligence] causally to the loss or damage sustained," we do not agree that this language demonstrates that the panel imposed a higher burden of proof on IBAR by refusing to consider circumstantial evidence of causation. Significantly, in rendering its decision, the panel carefully considered relevant circumstantial evidence, and in any event, "[w]e are obliged to give the arbital judgment the most liberal reading possible."

Accordingly, for the reasons stated above, the judgment of the District Court is AFFIRMED.

*Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 212 n. 8 (2d Cir.2002). Accordingly, even where isolated phrases in the panel's decision may be ambiguous, vacatur is not appropriate if the decision as a whole is otherwise consistent with governing legal principles. *See id.* at 213 n. 8 (noting that ambiguity alone is insufficient to establish manifest disregard).